**Harry H. BAIE, Jr., Plaintiff-Appellant,**

v.

**The SECRETARY OF DEFENSE of the United States of America, Defendant-Appellee.**

**No. 84–5823.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided March 17, 1986.

Edison P. McDaniels, San Bernardino, Cal., for plaintiff-appellant.

Herbert W. Booker, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before: WRIGHT, ALARCON, and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Appellant Harry Baie, a retired member of the United States Marine Corps, claims that he is entitled to reimbursement under the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS), 10 U.S.C. §§ 1071–1089 (1982), for the cost of small-carrion penile implant surgery. Baie applied for reimbursement under CHAMPUS after undergoing the surgery in a non-military hospital. CHAMPUS officials denied Baie's application on the ground that the procedure failed to qualify for benefits under the applicable law and regulations governing CHAMPUS.

On appeal, the Office of CHAMPUS Reconsideration upheld the denial of benefits.

The Office determined that the surgery was not medically necessary; that the penile implant procedure did not constitute treatment of a medical or surgical condition; that the penile prosthesis was a specifically excluded prosthetic device; and that under the Department of Defense Appropriations Act of 1977, therapy or counseling for sexual dysfunctions or inadequacies was specifically excluded as a CHAMPUS program benefit.

Following a subsequent hearing, an independent hearing officer recommended that the penile implant be approved as a CHAMPUS benefit. The Assistant Secretary of Defense (Health Affairs) then issued the agency's final decision that the penile implant was a prosthetic device specifically excluded from benefits under the statutes and regulations establishing the CHAMPUS program.[1]

After the Assistant Secretary's final decision, Baie filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) (1982), seeking damages in the amount of the cost of the surgery. The district court granted summary judgment for the Secretary on the ground that Baie's action is barred by the discretionary function exception to the waiver of sovereign immunity contained in the FTCA.[2] We affirm.

We review a grant of summary judgment de novo. *Mardirosian v. Lincoln Nat'l Life Ins. Co.* 739 F.2d 474, 477 (9th Cir. 1984); *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983). In this case the relevant facts are not in dispute; the only question presented on appeal is one of law—whether the Secretary of Defense's administrative decision that a penile implant is a prosthetic device that does not qualify for benefits under CHAMPUS falls within the discretionary function exception of the FTCA.[3]

We believe the district court accurately characterized Baie's action as follows:

The gravamen of plaintiff's claim is that the Assistant Secretary of Defense (Health Affairs) abused his discretion, or acted contrary to law, in denying plaintiff's claim for reimbursement of medical expenses. The Assistant Secretary's decision required interpretation of the statutes, *e.g.*, 10 U.S.C. § 1077(b)(2), and regulations governing the medical benefits available to retired military personnel.

Conclusions of Law 3, No. CV–83–5418 (C.D.Cal. April 3, 1984).

We also agree with the district court that whether the Assistant Secretary's administrative interpretation of CHAMPUS excluding penile implants from the statute as "prosthetic devices" was arbitrary or contrary to law may not be tested in an action under the FTCA. The legislative history of the FTCA makes it clear that Congress did not intend that "the constitutionality of legislation, or the legality of a rule or regulation should be tested through the medium of a damage suit for tort." H.R.Rep. No. 1287, 79th Cong., 1st Sess., 6 (1945); *see also* Hearings on H.R. 5373 and H.R. 6463 Before the House Committee on the Judiciary, 77th Cong., 2d Sess., 28, 33 (1942) (statement of Assistant Attorney General

---

1. This ruling was primarily based on 10 U.S.C. 1077(b), which provides in pertinent part as follows:

   The following types of health care may not be provided under section 1076 of this title:

   .  .  .  .  .

   (2) Prosthetic devices, hearing aids, orthopedic footware, and spectacles except that—
   (A) outside the United States and at stations inside the United States where adequate civilian facilities are unavailable, such items may be sold to dependents at cost to the United States, and
   (B) artificial limbs and artificial eyes may be provided.

2. The discretionary function exception provides that the Act shall not apply to "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (1982).

3. We note that Baie may not bring suit against the Secretary of Defense under the Federal Tort Claims Act. "Only claims 'against the United States' are included within the the Federal Tort Claims Act jurisdiction." *Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252, 1256 (2d Cir.1975) (citing 28 U.S.C. § 1346(b) (1982)).

Francis Shea). The Assistant Secretary's interpretation of the statute is a plainly discretionary administrative act the "nature and quality" of which Congress intended to shield from liability under the FTCA. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). As the Supreme Court said recently in *Varig*, the discretionary function exception was designed to prevent "judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* 104 S.Ct. at 2765.[4]

AFFIRMED.

---

4. We express no opinion as to whether Baie could have obtained judicial review of the Assistant Secretary's decision under the Administrative Procedures Act (5 U.S.C. §§ 551–706 (1982)), or any other statutory provision.