**James Edward NORRIS, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Defendant–Appellee.**

No. 01–35485.

D.C. No. CV–00–02179–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

James Edward Norris appeals pro se the district court's dismissal of his action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA") alleging that he was wrongfully denied disability benefits under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101–8193 ("FECA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *see Brady v. United States*, 211 F.3d 499, 502 (9th Cir.), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000), we affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Norris, a former safety inspector with the Federal Aviation Administration, received notice and a hearing in connection with his claim for FECA disability benefits and has failed to allege facts giving rise to a colorable claim for the denial of procedural due process. *Cf. Raditch v. United States,* 929 F.2d 478, 480 (9th Cir.1991) (due process is satisfied by notice and an opportunity to respond and the gathering of relevant medical evidence before FECA disability benefits are changed or terminated). To the extent Norris is challenging the denial of his FECA disability benefits, review is precluded by 5 U.S.C. § 8128(b). *See Rodrigues v. Donovan,* 769 F.2d 1344, 1347 (9th Cir.1985). The district court properly dismissed Norris's FTCA claim because it is precluded by the discretionary function exception. *See* 28 U.S.C. § 2680(a); *Baie v. Sec'y of Def.,* 784 F.2d 1375, 1376–77 (9th Cir.1986).

Because Norris failed to present any legal or factual basis for his motion for reconsideration, the district court did not abuse its discretion in denying the motion. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993).

**AFFIRMED.**