25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 COMMERCIAL ENERGIES, INCORPORATED; Lewis R. Dodds; Gregory
Kellam Scott, Plaintiffs-Appellants,
v.
UNITED AIRLINES, INC., a Delaware corporation; Metropolitan
Washington Airports Authority; Janelle McArthur;
Christopher D. Smeal; R.P. Harris,
Defendants-Appellees.
 No. 93-1725.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1994.
Decided June 10, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-120-A)
 E.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED by unpublished per curiam opinion. Judge Murnaghan wrote a concurring and dissenting opinion.
 Argued: Richard Ethelbert Patrick, McDonald, Patrick & Roberts, Oxon Hill, MD, for appellants.
 Carol Thomas Stone, Jordan, Coyne & Savits, Fairfax, VA, for appellees Airports Authority, Smeal, and Harris;
 Barry Alan Schwartz, Byrne, Kiely & White, Denver, Colorado, for appellees United Airlines and McArthur.
 On Brief: Sandy A. Roberts, McDonald, Patrick & Roberts, Oxon Hill, MD, for appellants.
 John O. Easton, Virginia F. Shevlin, Jordan, Coyne & Savits, Fairfax, VA, for appellees Airports Authority, Smeal, and Harris;
 Thomas J. Byrne, Byrne, Kiely & White, Denver, Colorado; Thomas J. Cawley, Kimberly Anne Newman, Hunton & Williams, Fairfax, VA, for appellees United Airlines and McArthur.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The district court granted the defendants' motion to dismiss the complaint in this case, brought under 42 U.S.C.Secs. 1983 & 1985, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We review the order dismissing the complaint de novo, and, in doing so, take the allegations in the complaint as true and construe the claims in the light most favorable to the plaintiffs. We will affirm the dismissal only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Under this standard, we affirm the district court's order dismissing all counts except the count alleging a claim under 42 U.S.C. Sec. 1985(3), and on that count we remand the case for further proceedings.
 
 
 2
 Lewis R. Dodds, Gregory K. Scott, and their employer, Commercial Energies, Inc., filed this suit alleging that on August 5, 1990, when Scott and Dodds arrived at Dulles International Airport on United Airlines flight 342, they were illegally arrested by Metropolitan Washington Airports Authority Police on the initiative of United Airlines employees. The plaintiffs named United Airlines, its stewardess who initiated the arrest, the Airports Authority, and two Airport Authority policemen who arrested Dodds and Scott as defendants. Their complaint alleged the following facts.
 
 
 3
 Scott, the general counsel of Commercial Energies, Inc., and Dodds, its President and Chairman of the Board, had arrived from Denver, Colorado, on United Airlines flight 342 to conduct business in Washington, D.C., on behalf of Commercial Energies. While deplaning from the DC 10 aircraft, where Scott and Dodds had sat in first class, Dodds used the exit at row nine. United Airlines stewardess, Janelle McArthur, directed Dodds to use an alternate route. When Dodds continued to exit as he had initially planned, McArthur grabbed Dodds by the shoulder, but Dodds pulled away and continued his exit. Scott followed through the same exit with other passengers. At that point, McArthur yelled to call the FBI and also directed Nancy Nofield, another United Airlines employee, to call the airport police. The complaint alleged that at this time Richard Mach, Nancy Nofield, Janelle McArthur and Steve Garrett, all United Airlines employees, "agreed with each other and acted, wilfully, wantonly, maliciously, in concert and in contravention of United policies and procedures, to cause the arrest of Professor Scott and Mr. Dodds." Complaint p 29. Scott and Dodds, both of whom are black, alleged that their race was a reason for the conduct of United Airlines employees directed against them.
 
 
 4
 After Dodds and Scott had entered the airport, Garrett, who introduced himself as United Airlines supervisor at the gate, confronted Dodds and asked if he was "involved in an 'attack' on an airline stewardess." Complaint p 30. Dodds referred the inquiry to Scott and identified Scott as his attorney. Garrett then asked Scott whether he and Dodds "were the two black men who attacked a stewardess." Complaint p 32. Scott denied any attack and stated that they were on business in Washington on behalf of Commercial Energies.
 
 
 5
 Garrett summoned Officer R.P. Harris, an airport policeman, who questioned Dodds and Scott. Scott reported that he would discuss the matter "whenever the person[s] who purportedly had claimed that Professor Scott or Mr. Dodds had done anything wrong were present for the discussion." Complaint p 38. Scott then turned away to enter the Red Carpet Club conference room to attend a previously scheduled business meeting. As he turned away, Officer Harris arrested him. When Dodds came over to ask why his attorney was being arrested, Dodds too was arrested by Officer C. D. Smeal, who had just arrived at the scene.
 
 
 6
 The complaint alleged that Dodds and Scott were wrongfully arrested and that statements filed to support the arrest were maliciously false. Dodds was charged with the assault and battery of an airline stewardess and Scott with obstruction of justice. At the preliminary hearing, the charges against Scott were dismissed. At the trial on the assault charge against Dodds, the trial judge "ordered a nolle prosequi with regard to all charges against Mr. Dodds," and the case was later dismissed. Complaint at p 63.
 
 
 7
 The complaint alleged that Janelle McArthur treated both plaintiffs in a manner different from the way she treated other first class passengers, by delaying service and attempting to impede their exit with the assistance of another passenger. The plaintiffs allege that this difference in treatment was attributable to their race. Complaint paragraphs 15, 16, 21, & 83. The plaintiffs also alleged that the airport police acted on the complaints of United Airlines' employees without conducting an adequate and independent investigation. The claims in the complaint were brought under 42 U.S.C. Secs. 1983 and 1985 and three common law causes of action for false imprisonment, interference with prospective business advantage, and malicious prosecution. Plaintiffs abandoned the claim for malicious prosecution because it was barred by the applicable statute of limitations when filed, and it is not at issue on this appeal.
 
 
 8
 In dismissing this complaint under Fed.R.Civ.P. 12(b)(6), the district court held that Metropolitan Washington Airports Authority was immune from any liability. Moreover, it observed that no pattern or practice had been alleged in the complaint to overcome this immunity. As to the police officers, the district court concluded that they acted properly in arresting the plaintiffs because the misdemeanors were committed in their presence. With respect to United Airlines and its employee, Janelle McArthur, the court concluded, "There is not sufficient allegations of any kind of an involvement in a conspiracy. Conspiracy is just not there, it is simply not alleged, that there was any conspiracy to violate anyone's civil rights." The court also concluded that the complaint failed to establish the requirements of the common law torts, noting that the malicious prosecution count had been abandoned. This appeal followed.
 
 
 9
 We agree that the Metropolitan Washington Airports Authority is a political subdivision created jointly by the Commonwealth of Virginia and the District of Columbia to operate Washington National and Dulles International Airports. See 49 U.S.C. Sec. 2456. The enabling legislation provides that the Authority "shall not be liable for any torts occurring in the performance of a governmental function." 1985 Va. Acts 1095, Ch. 598 Sec. 22. Since the exercise of police powers is a governmental function, the district court correctly dismissed the complaint against the Authority.
 
 
 10
 The officers similarly are not liable in their official capacity, which appears to be the only allegation made in the complaint. See Complaint paragraphs 38-40, 43-44, 47-48. On that subject, the complaint alleged that Officer Harris and Officer Smeal are "employee[s] of the Airports Authority, with authority to make lawful arrests.... At all times material hereto, the Airports Authority employed, controlled, and acted through Officer Harris [and] Officer Smeal." Complaint paragraphs 7 & 8.
 
 
 11
 Plaintiffs argued during oral arguments that they are also suing these officers in their personal capacities, even though the second amended complaint does not make this clear. Even if such were the case, we do not believe that these officers acted improperly. If they did, the circumstances were such that they enjoyed qualified immunity. Officer Harris arrested Professor Scott for obstruction of justice with respect to conduct committed in Officer Harris' presence. Scott was identified as one of the two black men who allegedly attacked a United Airlines flight attendant. When Scott refused to answer Officer Harris' questions and attempted to leave when the officer was in the process of investigating the attack, Officer Harris could reasonably have believed that Scott was obstructing justice in violation of Va.Code. Sec. 18.2-460 (providing that it is a misdemeanor to knowingly obstruct a law enforcement officer in the performance of his duties). Similarly, Officer Smeal could reasonably believe that he had the authority to arrest Dodds for assault and battery pursuant to Va.Code Sec. 19.2-81, which provides that an "officer may arrest, without a warrant, for an alleged misdemeanor not committed in his presence ... involving ... (iii) assault and battery ..., when any such arrest is based on probable cause upon reasonable complaint of the person who observed the alleged offense." In this case, the complaint alleged that Richard Mach, Nancy Nofield, Janelle McArthur and Steve Garrett, all United Airlines employees, caused the police officers to arrest Scott and Dodds for assaulting an airline stewardess. If there were imperfections in these arrests, we conclude that the officers acted within the scope of qualified immunity granted to them in the circumstances here. See Torchinsky v. Siwinski, 942 F.2d 257, 260 (4th Cir.1991) (holding that if the officer was acting with objective reasonableness, then he would be entitled to qualified immunity). When official airline employees rush to the police to seek an arrest for an alleged attack on an airplane, the police could reasonably assume that they would be soundly criticized if they were simply to ignore the request and let the perpetrators go without even questioning them. We believe that this is just the circumstance for which qualified immunity serves its purpose.
 
 
 12
 As for the civil rights conspiracy alleged against the private parties under 42 U.S.C. Sec. 1983, there are no allegations, other than the most conclusory, that the United Airlines' employees actually conspired with public officials to deny the plaintiffs their civil rights. The only allegation of a Sec. 1983 conspiracy states, "The defendants engaged in a common law conspiracy, and acted by agreement and in concert to deny Professor Scott and Mr. Dodds their constitutional rights and to manipulate the legal system for such unlawful purposes." Complaint p 69. While those allegations may restate the conspiracy alleged earlier involving private parties, they do not refer to any other conduct in the complaint to allege that the United Airlines' employees actually combined or conspired with state actors to violate Sec. 1983. In order for the private actors to be responsible for a Sec. 1983 conspiracy, there has to be participation of state actors. See Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Accordingly, we affirm the dismissal of the claims made under Sec. 1983.
 
 
 13
 As for the civil rights claim alleged against the private parties under 42 U.S.C. Sec. 1985, however, we conclude that when the allegations of the complaint are taken as true, the claim must survive a motion under Rule 12(b)(6). The complaint alleges conspiratorial conduct directed against plaintiffs because of their race. Reading the complaint in the light most favorable to the plaintiffs, it would seem that it states a violation of 42 U.S.C. Sec. 1985(3) because these actions are alleged to have been motivated by the plaintiffs' race. Complaint paragraphs 15-23. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (articulating the elements for a violation under Sec. 1985(3)). Under the standard of review that governs at this stage of the proceedings, we must permit the allegations under Sec. 1985 to survive a motion to dismiss, even if we could foresee, based on the fuller record presented to us, that they might not survive a summary judgment motion.
 
 
 14
 Finally, we agree that the district court properly dismissed the common law counts against the private parties. The private parties did not make any arrest and therefore cannot be held responsible for a false arrest. See Howerton v. Gabica, 708 F.2d 380, 385 (9th Cir.1983). While the facts might support a claim for malicious prosecution, this count was abandoned because it was filed beyond the applicable statute of limitations. And, finally, the plaintiffs' allegations are inadequate to meet the requirements of tortious interference with business relations. Under Virginia law, such tortious conduct must be aimed at injuring the plaintiff's business, and it is not adequate to allege that the conduct was aimed at some other purpose and incidentally affected a business relationship adversely. See Va.Code Secs. 18.2-499 & 500; Jordan v. Hudson, 690 F.Supp. 502, 507 (E.D. Va.1988), aff'd, 879 F.2d 98 (4th Cir.1989).
 
 
 15
 Accordingly, the judgment of the district court is affirmed in part, reversed in part, and remanded for further proceedings against United Airlines and McArthur on the claim alleged under 42 U.S.C. Sec. 1985.
 
 
 16
 IT IS SO ORDERED.
 
 
 17
 MURNAGHAN, Circuit Judge, concurring in part and dissenting in part:
 
 
 18
 I concur in most of the majority's opinion, dissenting only from the affirmance of the district court's dismissal of the false arrest/ imprisonment claims asserted against Officers Harris and Smeal (Amended Complaint p 40) and the dismissal of the claims against the Officers in their individual capacities based on a violation of Sec. 1983. It does not appear beyond doubt to me that Scott and Dodds can prove no set of facts that would entitle them to relief on those claims. The validity of the false arrest claims should be determined in accordance with the applicable state law. Regarding the Sec. 1983 claims, the plaintiffs are required to show that the defendants acted under color of state law and that the defendants' actions deprived the plaintiffs of a right, privilege or immunity secured by the Constitution and laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). The officers were acting under color of state law as they were in uniform and were on duty as officers for the Metropolitan Washington Airports Authority. The plaintiffs have alleged that the officers violated their Fourth Amendment rights by arresting them without probable cause.
 
 
 19
 The district court wrote that the officers acted properly in arresting the plaintiffs because the misdemeanors were committed in their presence.[1] I disagree with the court's conclusion. Officer Smeal arrested Dodds for the assault and battery of McArthur. The assault and battery did not take place in Officer Smeal's presence. If the facts asserted in the complaint are taken as true, it can be reasonably inferred that Officer Smeal's arrest of Dodds was not, in fact, based upon probable cause upon reasonable complaint of the person who observed the alleged offense. There is no indication in the record that Officer Smeal had contact with anyone who observed the alleged offense. Under Virginia Code Sec. 19.2-81, then, his arrest of Dodds could be proven to be unlawful. Additionally, it is doubtful that Officer Smeal could reasonably believe that he had the authority to arrest Dodds pursuant to Sec. 19.2-81 if he had not received a report from an observer.
 
 
 20
 Regarding Scott's arrest, Virginia Code Sec. 18.2-460 defines the obstruction of justice as follows: "If any person, by threats or force, knowingly attempts to intimidate or impede ... a law enforcement officer, lawfully engaged in his duties as such, ... he shall be deemed to be guilty of a Class 1 misdemeanor." According to the facts as presented by the plaintiffs, Scott talked with Garrett briefly in the foyer of United's Red Carpet Lounge. Scott suggested that the three of them discuss the situation. Scott has alleged that Officer Harris indicated he would not talk to Scott. Neither Garrett nor Harris had details regarding the incident, and Scott alleges that he did not have any information regarding the incident they were investigating.[2] Scott offered to discuss the matter with them further in the company of the accuser or of an observer of the alleged incident. In the absence of either an accuser or an observer, Scott declined to discuss the matter further. Scott turned to go into the Red Carpet Lounge, located approximately thirty feet away, for a business meeting. Without asking him to stop, Officer Harris grabbed his arm and placed it behind his back, stating that he was under arrest. Scott did not use force, nor did he threaten Officer Harris. On these facts, it is difficult to understand why Officer Harris believed he had probable cause to arrest Scott for obstruction of justice under Sec. 18.2-460.
 
 
 21
 As to the qualified immunity defense asserted by the officers, I would not conclude, on the facts presented, that the officers were acting with "objective reasonableness." If the facts asserted are taken as true, the officers violated clearly established constitutional rights of which a reasonable person would have known. When airline employees rush to the police to seek an arrest for an alleged attack, the police should reasonably assume that they will violate an innocent individual's constitutional rights by arresting that individual without the probable cause required by law. This is not to say that Officers Harris and Smeal should have ignored the request of the United employees to investigate the matter or that they violated the rights of Scott and Dodds merely by questioning them as to their participation in the alleged attack. Rather, the complaint alleges that the officers violated their rights by arresting them in violation of both state law and clearly established Fourth Amendment rights.
 
 
 22
 Because we should not affirm a 12(b)(6) dismissal when there is a chance that the plaintiffs may be able to prove a set of facts which do state a claim upon which relief can be granted, I would reverse the dismissal on these two claims and allow the plaintiffs to proceed to trial. Because the court has reversed the dismissal of the plaintiff's Sec. 1985(3) claim, the district court would be able to exercise jurisdiction over the unlawful arrest claim based on state law.
 
 
 23
 To that extent, I, therefore, dissent.
 
 
 
 [1]
 The record indicates that the district court misapprehended the facts as alleged in the Complaint. Only Scott was arrested for obstruction of justice, a misdemeanor allegedly committed in the Officer's presence
 
 
 [2]
 Garrett stated that he did not know what had happened, but that it involved "two Black men" and an attack on a stewardess. (Amended Complaint p 16)