94 F.3d 642
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory Kellam SCOTT, Plaintiff-Appellant,
and
Commercial Energies, Incorporated; Lewis R. Dodds, Plaintiffs,
v.
UNITED AIRLINES, INC., a Delaware corporation; Metropolitan
Washington Airports Authority; Janelle Mcarthur;
Christopher D. Smeal; R.P. Harris,
Defendants-Appellees.
 No. 95-1893.
 United States Court of Appeals, Fourth Circuit.
 Aug. 16, 1996.
 
 ARGUED: Daniel Steven Hoffman, MCKENNA & CUNEO, L.L.P., Denver, Colorado, for Appellant. Barry Alan Schwartz, BYRNE, KIELY & WHITE, Denver, Colorado, for Appellees. ON BRIEF: Christopher T. Macaulay, Scott S. Evans, MCKENNA & CUNEO, L.L.P., Denver, Colorado, for Appellant. Thomas J. Byrne, BYRNE, KIELY & WHITE, Denver, Colorado; Thomas J. Cawley, Kimberly A. Newman, HUNTON & WILLIAMS, McLean, Virginia, for Appellees.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CURRIE, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Gregory K. Scott and his business associate, Lewis R. Dodds, travelled by airplane from Denver, Colorado, to Washington, D.C. Upon landing at Dulles International Airport, a United Airlines flight attendant complained to her co-workers that she had been assaulted by one of the two passengers while on the plane. The United Airlines employees summoned airport police, who arrested both gentlemen--Scott for obstructing justice or failing to cooperate in the investigation of what occurred on-board the aircraft, and Dodds for assaulting the flight attendant. The charges against each ultimately were dropped.
 
 
 2
 Scott and Dodds filed suit against United Airlines, the flight attendant, the Metropolitan Washington Airports Authority and the two police officers involved. The case was dismissed on all grounds except for a claim brought under 42 U.S.C. § 1985(3) alleging that the defendants had engaged in a conspiracy among themselves to violate the civil rights of Scott and Dodds. Commercial Energies, Inc. v. United Airlines, Inc., No. 93-1725, 1994 WL 251849, at * 4-5 (4th Cir. June 10, 1994) (per curiam) (unpublished). Subsequently, the defendants sought and received summary judgment on the conspiracy claim. Because the cases of Scott and Dodds have been deconsolidated, we here consider only Scott's appeal from that grant of summary judgment.
 
 
 3
 To recover under § 1985(3), Scott had to establish the existence of a conspiracy and show a racial or other class-based, invidiously discriminatory animus behind the conspirators' actions. See Griffin v. Breckenridge, 403 U.S. 88, 101-03 (1971); Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir.1995). After careful review of the record, we are satisfied that the district court correctly determined on summary judgment that Scott had not presented adequate proof of either conspiracy or racial animus. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment is proper when there is no genuine issue for trial and the moving party is entitled to judgment as a matter of law). We have stressed repeatedly the need for specific allegations supported by concrete facts to make out a civil conspiracy. See, e.g., Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 422-23 (4th Cir.1996); Simmons, 47 F.3d at 1377. Scott offers only speculation and conclusory accusations. Accordingly, we affirm the judgment of the district court.
 
 
 4
 AFFIRMED.