**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GREGORY KELLAM SCOTT,
<u>Plaintiff-Appellant,</u>

and

COMMERCIAL ENERGIES,
INCORPORATED; LEWIS R. DODDS,
<u>Plaintiffs,</u>

No. 95-1893

v.

UNITED AIRLINES, INC., a Delaware
corporation; METROPOLITAN
WASHINGTON AIRPORTS AUTHORITY;
JANELLE MCARTHUR; CHRISTOPHER D.
SMEAL; R. P. HARRIS,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-93-120-A)

Argued: June 7, 1996

Decided: August 16, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
CURRIE, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel Steven Hoffman, MCKENNA & CUNEO, L.L.P.,
Denver, Colorado, for Appellant. Barry Alan Schwartz, BYRNE,
KIELY & WHITE, Denver, Colorado, for Appellees. **ON BRIEF:**
Christopher T. Macaulay, Scott S. Evans, MCKENNA & CUNEO,
L.L.P., Denver, Colorado, for Appellant. Thomas J. Byrne, BYRNE,
KIELY & WHITE, Denver, Colorado; Thomas J. Cawley, Kimber-
ly A. Newman, HUNTON & WILLIAMS, McLean, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory K. Scott and his business associate, Lewis R. Dodds, trav-
elled by airplane from Denver, Colorado, to Washington, D.C. Upon
landing at Dulles International Airport, a United Airlines flight atten-
dant complained to her co-workers that she had been assaulted by one
of the two passengers while on the plane. The United Airlines
employees summoned airport police, who arrested both gentlemen--
Scott for obstructing justice or failing to cooperate in the investigation
of what occurred on-board the aircraft, and Dodds for assaulting the
flight attendant. The charges against each ultimately were dropped.

Scott and Dodds filed suit against United Airlines, the flight atten-
dant, the Metropolitan Washington Airports Authority and the two
police officers involved. The case was dismissed on all grounds
except for a claim brought under 42 U.S.C. § 1985(3) alleging that the
defendants had engaged in a conspiracy among themselves to violate
the civil rights of Scott and Dodds. Commercial Energies, Inc. v.
United Airlines, Inc., No. 93-1725, 1994 WL 251849, at *4-5 (4th
Cir. June 10, 1994) (per curiam) (unpublished). Subsequently, the

2

defendants sought and received summary judgment on the conspiracy claim. Because the cases of Scott and Dodds have been de-consolidated, we here consider only Scott's appeal from that grant of summary judgment.

To recover under § 1985(3), Scott had to establish the existence of a conspiracy and show a racial or other class-based, invidiously discriminatory animus behind the conspirators' actions. See Griffin v. Breckenridge, 403 U.S. 88, 101-03 (1971); Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). After careful review of the record, we are satisfied that the district court correctly determined on summary judgment that Scott had not presented adequate proof of either conspiracy or racial animus. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment is proper when there is no genuine issue for trial and the moving party is entitled to judgment as a matter of law). We have stressed repeatedly the need for specific allegations supported by concrete facts to make out a civil conspiracy. See, e.g., Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 422-23 (4th Cir. 1996); Simmons, 47 F.3d at 1377. Scott offers only speculation and conclusory accusations. Accordingly, we affirm the judgment of the district court.

AFFIRMED

3