Jay McNABB, Plaintiff,

v.

The State of NORTH CAROLINA and North Carolina Department of Environmental and Natural Resources, Division of Waste Management; Spring Allen; Douglas Holyfield; Janet Reno, U.S. Attorney General; USA; U.S. Environmental Protection Agency; Tyler Amon; Ivan Viking; John Doe 1; John Doe 2; John Doe 3; Arthur Jerome Poteet; Damon Silvis, and wife Loreen Silvis, Defendants.

McJast, Inc., d/b/a American Carolina Stamping; Steve McNabb, and wife Janet Sue McNabb, Plaintiffs,

v.

The State of North Carolina and North Carolina Department of Environmental and Natural Resources, Division of Waste Management; Spring Allen; Douglas Holyfield; Janet Reno, U.S. Attorney General; USA; U.S. Environmental Protection Agency; Tyler Amon; Ivan Viking; John Doe 1; John Doe 2; John Doe 3; Arthur Jerome Poteet; Damon Silvis, and wife Loreen Silvis, Defendants.

Nos. 1:00CV203, 1:00CV205.

United States District Court, W.D. North Carolina, Asheville Division.

June 26, 2001.

Michael K. Pratt, Ramsey, Hill, Smart, Ramsey & Pratt, P.A., Brevard, NC, John A. Daily, Daily & Co., L.P.A., Uniontown, OH, for plaintiff.

David Roy Blackwell, Lauren M. Clemmons, Raleigh, NC, for defendants.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THESE MATTERS** are before the Court on Plaintiffs' timely filed objections to the Amended Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, this Court referred Defendants' motions to dismiss and for summary judgment to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of the Magistrate Judge's recommendation to which specific objections have been made, the Court grants Defendants' motions.

## I. STANDARD OF REVIEW

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citations omitted). The motion " 'should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim'." *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir.1996) (quoting *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989)). In considering the facts of the case for purposes of ruling on the Defendants' motion, the Court will view the pleadings and material presented in the light most favorable to the Plaintiffs, as the nonmoving parties, assuming all factual allegations to be true. *See, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991) (citations omitted). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The "obligation of the nonmoving party is 'particularly strong . . . when the nonmoving party bears the burden of proof.' " *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir.1995) (alterations omitted) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). "Summary judgment is not 'a disfavored procedural shortcut,' but an important mechanism for weeding out 'claims and defenses [that] have no factual bases.' " *Moore v. Brown*, 215 F.3d 1320 (table), 2000 WL 691436, *4 (4th Cir.2000)

(quoting *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548).

## II. DISCUSSION

The facts of this case are adequately summarized in the Magistrate Judge's Amended Memorandum and Recommendation, and will not be reiterated here.

Plaintiffs first object that the Magistrate Judge failed to set forth certain findings of fact in his Amended Memorandum and Recommendation. Objections 1(1), 1(2), 1(3)(g), 1(4), and 1(5) are all conclusions of law which cannot appropriately be set forth as "facts." The Court will assume the remaining factual allegations to be true for purposes of considering Defendants' motions to dismiss.

In Objections Two and Three Plaintiffs assert that the Magistrate Judge erroneously found that the private citizen-defendants are not "state actors," and thus are not subject to liability under 28 U.S.C. §§ 1983 and 1985. However, Plaintiffs fail to provide the Court with any reason for why the Magistrate Judge's conclusion is erroneous. Not only is the Court unpersuaded by *ipse dixit* reasoning, but having conducted its own review of the Magistrate Judge's conclusion the Court agrees that the private citizen-defendants are not state actors.

■ Plaintiffs' Objection Four concerns the Magistrate Judge's recommendation to dismiss their claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* The Magistrate Judge recommended that this claim be dismissed because Defendants failed to file an administrative complaint prior to bringing suit against the Government. Plaintiffs assert that any procedural failure was cured by their subsequent filing of an administrative claim. However, Plaintiffs' argument conflicts with the express terms of the statute, which provides that "[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]" **28 U.S.C. § 2675(a) (emphasis added).**

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.

*McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). There is no question that Plaintiffs did not "first" present their claim to the appropriate federal agency, and the statute does not provide that the presentation of a claim subsequent to the institution of an action cures the claimant's noncompliance with the statute. As such, dismissal of this claim is mandatory. *See Plyler v. United States,* 900 F.2d 41, 42 (4th Cir.1990); *Brady v. United States,* 211 F.3d 499, 502–03 (9th Cir.2000).

■ In their fifth, sixth, and seventh objections Plaintiffs assert that the Magistrate Judge's finding that Steve and Janet Sue McNabb lack standing to assert a Fourth Amendment violation is erroneous. The McNabbs assert that they suffered some injury as a result of the search of the McJast, Inc., plant, but fail to specify the nature of their injury. The Magistrate Judge's conclusion that individual shareholders lack standing to bring suit on behalf of a corporation is a matter of well settled law. As the McNabbs cannot claim any injury which is distinct from that al-

legedly suffered by the corporation—which was the subject of the search—they lack standing.

■ With respect to Plaintiffs' ninth objection, the Court finds that the officers' good faith reliance on a valid search warrant precludes a claim of an unreasonable search. Regardless of whether a defendant "should have known" that a search warrant was not needed, choosing to obtain a search warrant out of an abundance of caution does not violate the Constitution.

■ Objections Ten through Fourteen and Twenty-seven state merely that "the [Magistrate Judge] erroneously disregarded the rule of law requiring that the facts be viewed in the light most favorable to Plaintiffs[.]" While *de novo* review is unnecessary when a party makes such general and conclusory objections, *see Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982), the Court will briefly address the substance of the Magistrate Judge's corresponding recommendation. The Magistrate Judge found that the warrantless search of Jay McNabb's mobile home, located on the grounds of the McJast, Inc., plant, was reasonable. Regardless of whether consent to search the mobile home was given, considering the personal rancor directed at the search team by Steve McNabb and the proximity of the firearms to the area being searched, the Court finds that a reasonable officer could reasonably have believed that the limited search of the mobile home—effected only to secure the firearms known to be located within—was lawful. Though a warrantless search of a home is presumptively a violation of the Fourth Amendment, exigent circumstances such as the probability of danger to officers guarding the homesite can justify such a search. *See United States v. Turner,* 650 F.2d 526, 528 (4th Cir.1981) (setting forth several factors for

determining whether exigent circumstances excuse an otherwise unconstitutional search). While reasonable men and women may differ over whether the firearms in the mobile home actually presented a danger to the officers in these circumstances, the Court finds that even the officers' mistaken belief that danger existed sufficient to justify a warrantless search is reasonable, and the officers are therefore entitled to qualified immunity. *See Saucier v. Katz,* 531 U.S. 991, 121 S.Ct. 2151, 150 L.Ed.2d 272, 2001 WL 672265 (2001).

■ Plaintiffs' Objections Fifteen and Sixteen concern the dismissal of their due process claims. The Court concurs in the Magistrate Judge's finding that Plaintiffs enjoy no due process right to have the Defendants follow their internal investigation policy. *See generally United States v. Horne,* 714 F.2d 206 (1st Cir.1983); *Einhorn v. DeWitt,* 618 F.2d 347 (5th Cir. 1980). Similarly, irrespective of whether one characterizes the Defendants' alleged disregard of said policy as "evidence showing malice or bad faith," this "evidence" does not tend to show the existence of a conspiracy.

Objections Seventeen through Twenty-four are general and conclusory. The Court has nonetheless reviewed those passages of the Magistrate Judge's recommendation to which Plaintiffs' object and finds Plaintiffs' objections to be without merit.

■■ In Objection Twenty-five Plaintiffs assert that they may bring a § 1983 claim, seeking monetary damages, in federal court against state officials sued in their official capacity. This argument is meritless, for not only does the Eleventh Amendment bar citizens from bringing such suits against the States in federal court, *see e.g., Board of Trustees of Univ.*

*of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), states are not persons subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Contrary to Plaintiffs' reading of the case, in *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992), the North Carolina Supreme Court held that the plaintiff was "barred from seeking damages" against state officials acting in their official capacities. *Id.* at 771, 413 S.E.2d at 283. While plaintiff Corum's claim for *prospectiv equitable relief* survived, Plaintiffs in the instant case are not seeking such relief. *See id.* Clearly, Plaintiffs' § 1983 claim against state officials in their official capacity must be dismissed.

■ While Plaintiffs note in Objections Twenty-six and Twenty-eight that all conspirators are liable for the harm done by a conspiracy, it remains the case that Plaintiffs have failed either to sufficiently allege a conspiracy or to produce sufficient evidence from which a reasonable jury could conclude that Defendants conspired against them. The Court finds that assuming *arguendo* that Plaintiffs have sufficiently alleged a conspiracy, they have failed to produce even a scintilla of evidence showing that a conspiracy existed. Referring a state environmental investigation to federal authorities is not evidence of an unlawful conspiracy to "get" someone. Indeed, Plaintiffs' conspiracy claim is based entirely on speculation and conjecture; as such, it must be dismissed. *See Omega World Travel, Inc. v. Airlines Reporting Corp.*, 172 F.3d 863 (table), 1999 WL 46756, *3 (4th Cir.1999); *Scott v. United Airlines, Inc.*, 94 F.3d 642 (table), 1996 WL 465844, *1 (4th Cir.1996). Plaintiffs' Objections Twenty-nine and Thirty

are moot, for the Court has considered Plaintiffs' conspiracy claims under both the summary judgment standard and the motion to dismiss standard.

Objections Thirty-one through Thirty-five are all general, conclusory objections stating that the Magistrate Judge's conclusions are erroneous. The Court has reviewed the Magistrate Judge's conclusions and finds no error.

Except as otherwise noted herein, the Court adopts the Magistrate Judge's Amended Memorandum and Recommendation in its entirety. Accordingly, the Court dismisses Plaintiffs' action.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motions to dismiss are hereby **ALLOWED IN PART** and **DENIED IN PART**; and

**IT IS FURTHER ORDERED** that, in the alternative, Defendants' motion for summary judgment is hereby **ALLOWED IN PART** and **DENIED IN PART**.

A Judgment dismissing the Plaintiffs' actions is filed herewith.

### JUDGMENT

For the reasons stated in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Defendants' motions to dismiss are hereby **ALLOWED IN PART** and **DENIED IN PART**; and, in the alternative, Defendants' motion for summary judgment is hereby **ALLOWED IN PART** and **DENIED IN PART**, and these matters are hereby **DISMISSED WITH PREJUDICE** in their entirety.