**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAY MCNABB; MCJAST
INCORPORATED, d/b/a American
Carolina Stamping; STEVE MCNABB;
JANET SUE MCNABB,
            *Plaintiffs-Appellants,*

v.

STATE OF NORTH CAROLINA; NORTH
CAROLINA DEPARTMENT OF
ENVIRONMENT, HEALTH AND NATURAL
RESOURCES, Division of Waste
Management; SPRING ALLEN;
DOUGLAS HOLYFIELD; JANET RENO,
United States Attorney General;
UNITED STATES OF AMERICA; THE
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; TYLER AMON;
IVAN VIKING; ARTHUR JEROME
POTEET; DAMON SILVAS; LOREEN
SILVAS; JOHN DOE-1; JOHN DOE-2;
JOHN DOE-3,
            *Defendants-Appellees.*

No. 01-1951

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-00-203-1, CA-00-205-1)

Argued: February 27, 2002

Decided: April 25, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** John Joseph Korzen, ANDERSON, KORZEN & ASSO-CIATES, P.C., Kernersville, North Carolina, for Appellants. Paul Bradford Taylor, Assistant United States Attorney, Asheville, North Carolina, for Federal Appellees; David Roy Blackwell, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for State Appellees. **ON BRIEF:** Michael K. Pratt, RAMSEY, HILL, SMART, RAMSEY & PRATT, P.A., Brevard, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Asheville, North Carolina, for Federal Appellees; Roy Cooper, Attorney General, Lauren M. Clemmons, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for State Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The plaintiffs in this case are Steve and Janet McNabb; their son, Jay McNabb; and McJast Inc. (McJast), a corporation owned by Janet McNabb. McJast, which employs several members of the McNabb family (including the three individual plaintiffs), makes metal parts at its facility in Transylvania County, North Carolina. In 1998 officials of the North Carolina Department of Environment and Natural Resources (NCDENR) attempted to investigate anonymous complaints of unlawful hazardous waste disposal at the McJast facility. The matter was eventually referred to the U.S. Environmental Protection Agency's Criminal Investigation Division (EPA-CID). On April

15, 1999, a number of federal agents, armed with a search warrant, raided the McJast premises. The raid prompted the plaintiffs to sue the State of North Carolina, NCDENR, two NCDENR employees, the United States, the EPA, the U.S. Attorney General, two agents of the EPA-CID, and several private parties, asserting claims under 42 U.S.C. §§ 1983 and 1985, the Federal Tort Claims Act (FTCA), *Bivens*, the Fourth Amendment, the Sixth Amendment, the Fourteenth Amendment, and the North Carolina Constitution.

The defendants filed motions to dismiss and for summary judgment, and the matter was referred to the magistrate judge. In a thorough Amended Memorandum and Recommendation, the magistrate judge recommended that all claims be dismissed. *See McNabb v. North Carolina*, No. 1:00cv203-T (W.D.N.C. Apr. 11, 2001). The district court generally adopted the magistrate judge's recommendations and concluded that all claims should be disposed of by dismissal or, in the alternative, by the award of summary judgment to the defendants. With one exception noted below, we affirm on the reasoning of the district court. *See McNabb v. North Carolina*, No. 1:00CV203 (W.D.N.C. June 26, 2001).

The magistrate judge recommended that the plaintiffs' FTCA claim be dismissed for lack of subject matter jurisdiction because the plaintiffs did not first present this claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). The district court's ultimate dismissal of the FTCA claim has the effect of a dismissal with prejudice. Because the decision to dismiss the FTCA claim was not a decision on the merits, the claim should have been dismissed without prejudice. Accordingly, the judgment dismissing the FTCA claim is vacated so that it can be reentered on remand as a dismissal without prejudice.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*