**Clarissa BRADY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 99–15135.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2000[1]

Filed May 3, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David D. Loreman, Elko, Nevada, for the plaintiff-appellant.

Shirley Smith, Assistant United States Attorney, Reno, Nevada, for the defendant-appellee.

Before: TASHIMA, and GRABER, Circuit Judges, and STOTLER,[2] District Judge.

GRABER, Circuit Judge:

Plaintiff Clarissa Brady, acting as personal representative of the estate of her late son, sued the United States for wrongful death under the Federal Tort Claims Act (FTCA). She alleged that three doctors at a federal clinic were negligent in failing to prevent her son from committing suicide. After setting aside a clerk's default against the government, the district court dismissed Plaintiff's action on the ground that Plaintiff had failed to exhaust her administrative remedies by presenting an administrative claim to the appropriate federal agency before filing her complaint in district court. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff has filed two similar complaints, both alleging wrongful death based on her son's suicide. She filed her first complaint on June 28, 1996, naming a number of defendants, including the United States Department of Health and Human Services. The district court dismissed that complaint because Plaintiff had failed to exhaust her administrative remedies, as required by the FTCA. *See* 28 U.S.C. § 2675(a). The district court allowed Plaintiff 20 days within which to file an amended complaint. After she did not refile during that period, the court dismissed the complaint without prejudice.

On August 12, 1997, Plaintiff filed her second complaint, which is the subject of this appeal. That complaint names only the United States as a defendant. In her second complaint, Plaintiff alleges that she complied with the administrative claim requirements of 28 U.S.C. § 2675(a). Although it is not explicit in the second complaint, Plaintiff's argument was, and is, that she complied with that requirement by serving Defendant with her first complaint in 1996.

On December 8, 1997, Defendant moved to dismiss Plaintiff's second complaint, again on the ground that Plaintiff had failed to file an administrative claim. However, Defendant did not attach proof of service to its motion and, on February 3, 1998, the district court struck the motion. On February 11, a clerk's default was entered against Defendant for failing to respond to Plaintiff's complaint in a timely manner.

Defendant asserts that it did not receive a copy of the clerk's default until June 9, 1998. After receiving it, Defendant moved on June 15 to have the default set aside, arguing that its failure to include the proof of service was a clerical error that had not prejudiced Plaintiff. Defendant also argued, in its reply memorandum, that the district court lacked jurisdiction over Plaintiff's complaint, because Plaintiff had not satisfied the jurisdictional requirement of filing an administrative claim under the FTCA. Defendant further argued that, because the court lacked jurisdiction over the complaint, it necessarily also lacked jurisdiction to enter a default judgment. On July 27, 1998, the district court set aside the default without comment.

Defendant had filed a second motion to dismiss, this one complete with proof of service, on March 5, 1998, while the clerk's default was in force. After granting Defendant's motion to set aside the default, the district court agreed to consider that second motion and directed Plaintiff to

---

**2.** The Honorable Alicemarie H. Stotler, United States District Judge for the Central District of California, sitting by designation.

reply. Plaintiff replied. On December 22, 1998, the district court granted Defendant's motion to dismiss. In dismissing Plaintiff's complaint, the court concluded that Plaintiff again had failed to comply with the FTCA requirement that she file an administrative claim before suing the federal government. Because Plaintiff had failed to comply with that requirement, the court held that it lacked subject-matter jurisdiction over Plaintiff's action.

Plaintiff timely filed a notice of appeal. On January 12, 1999, she also filed an administrative claim with the Department of Health and Human Services. That administrative claim, which was presented on a standard Form 95 (Claim for Damage, Injury, or Death), alleges the same wrongful conduct that was the foundation of this action and of Plaintiff's first action.

## STANDARD OF REVIEW

■ Dismissal for lack of subject-matter jurisdiction is reviewed de novo. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 171 F.3d 1208, 1213 (9th Cir.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 2196, —— L.Ed.2d —— (2000). We review for abuse of discretion a district court's decision to set aside an entry of default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994).

## DISCUSSION

### I. *Subject–Matter Jurisdiction*

■ The requirement that a party file an administrative claim before filing an action under the FTCA arises from 28 U.S.C. § 2675(a), which provides in part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency

and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The requirement of an administrative claim is jurisdictional. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Because the requirement is jurisdictional, it "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992) (citations and internal quotation marks omitted).

■ Plaintiff did not present an administrative claim to the Department of Health and Human Services until *after* her first and second complaints were dismissed. Accordingly, she does not satisfy the statutory requirements that she first file such a claim, and have it finally denied by the agency in writing, *before* filing her complaint in district court. Nevertheless, she argues that she satisfied the requirements of 28 U.S.C. § 2675(a) in this case, because her first complaint put the agency on notice of all the essential elements of her claim. In Plaintiff's view, the service of that *first* judicial complaint on the agency, in 1996, amounted to the presentation of an administrative claim to the agency, thus satisfying the jurisdictional prerequisite for her *second* complaint.

Plaintiff points out that she was not required to present her claim to the agency on Form 95, so long as she presented the functional equivalent of that form. She also suggests that this court has interpreted 28 U.S.C. § 2675(a) as requiring only "minimal notice" to an agency, citing *Avery v. United States*, 680 F.2d 608, 611 (9th Cir.1982). Avery held that a "skele-

tal" administrative claim that informed the agency of the nature of the alleged injury and the amount of damages was sufficient under the FTCA. *See id.* at 610–11.

■ Plaintiff's argument misses the mark. The difficulty with her complaints is not that they are too "skeletal" but, rather, that she filed them in district court without *first* filing any claim whatsoever with the agency. The purpose of the FTCA's administrative claim procedure is "to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts." *Jerves,* 966 F.2d at 520. As the Supreme Court noted in *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993):

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.

(Footnote omitted.)

The plaintiffs in *Avery* satisfied the purpose of the requirement because their administrative claim, while imperfect, was an administrative claim. It put the agency on notice of every essential feature of the plaintiffs' case, allowing the agency to investigate and, if possible, settle the case *before it went to court.* That is not so here. Plaintiff first informed the agency of her allegations by suing it in 1996. When the district court granted Defendant's first motion to dismiss, and Plaintiff declined to file an amended complaint *or an administrative claim* within the 20–day

period allotted in the dismissal, there was nothing to indicate to the government that the case was still pending, or that Plaintiff wished to pursue an administrative remedy. All that the agency had was Plaintiff's dismissed complaint. As far as the record shows, Plaintiff never asked the agency to treat that complaint as an administrative claim, or in any other way indicated her desire to pursue the matter further, before she filed her second complaint.

In other words, the only periods during which the agency had any indication that Plaintiff was pursuing this matter were while her judicial complaints were pending at the district court. Thus, although her first complaint may have given the agency "notice" in one sense of the word, it did not give the agency the timely notice of a live controversy that would have allowed the agency to investigate administratively and possibly settle the case before it resurfaced in district court. Plaintiff has not only failed to comply with the letter of 28 U.S.C. § 2675(a), she has, despite her argument to the contrary, also failed to comply with the statute's spirit and purpose. That much is clear from the fact that this case twice has been filed in district court, and now is before this court, but never has been the subject of any administrative claim, investigation, settlement negotiation, or hearing.[3]

In sum, Plaintiff's first dismissed complaint was not an administrative claim within the meaning of 28 U.S.C. § 2675(a). Therefore, Plaintiff again has failed to comply with that statute's jurisdictional requirement that she file an administrative claim. The district court did not err in granting Defendant's motion to dismiss.

## II. *Defendant's Motion to Set Aside the Default*

■ A district court may set aside a clerk's entry of default for "cause shown."

**3.** As noted, Plaintiff filed an administrative claim with the Department of Health and Human Services three weeks after her second complaint was dismissed. Such a claim must be presented to an agency *before* an action may be filed in district court. Plaintiff's later filing of a claim is irrelevant to the question whether the district court erred in concluding that Plaintiff had failed to satisfy that requirement at the time she filed her second complaint.

Fed.R.Civ.P. 77(c). At the district court, Defendant argued that its failure to respond to Plaintiff's complaint on time was the result of a clerical error and, further, that the default was improper because the district court lacked jurisdiction over the case. The district court set aside the entry of default without comment. Plaintiff argues that the default should not have been set aside, because Defendant failed to file its response on time and also failed to move to set aside the default within a reasonable time.

 At most, Plaintiff's truncated argument on this point suggests that the district court would have had grounds *not* to set aside the default. *But see* Fed.R.Civ.P. 55(e) ("No judgment by default shall be entered against the United States . . . unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."). But Plaintiff has not demonstrated that the district court abused its discretion by accepting Defendant's explanation of the delay and setting aside the default. In view of the fact that a district court's discretion is "especially broad" when, as in this case, "it is entry of default that is being set aside, rather than a default judgment," Plaintiff's argument that the default should not have been set aside is unpersuasive. *O'Connor*, 27 F.3d at 364 (citation and internal quotation marks omitted).

III. *Unpreserved Arguments*

Plaintiff makes several other arguments, asserting that the district court committed various errors. Plaintiff did not present those arguments in any form to the district court. Accordingly, they are not preserved, and we decline to address them on appeal.

CONCLUSION

The district court did not err in granting Defendant's motion to dismiss; nor did the court abuse its discretion in granting Defendant's motion to set aside default.

AFFIRMED.