**Oliver L. GREGERSON,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America; et**
**al., Defendants–Appellees.**

No. 02–35184.

D.C. No. CV–01–00049–LMB.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 16, 2002.

Before FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM***

Oliver L. Gregerson appeals pro se the district court's dismissal for lack of subject matter jurisdiction of Gregerson's action against the Secretary of the Department of the Interior and employees of the Bureau of Land Management ("BLM") challenging the denial of his application for a patent on a mining claim. We have juris-diction pursuant to 28 U.S.C. § 1291. We review de novo, *Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000), and we affirm.

Department of Interior regulations require exhaustion of administrative remedies before a decision from the Department of Interior is subject to judicial review. *Doria Mining and Engineering Corp. v. Morton,* 608 F.2d 1255, 1257 (9th Cir.1979). The district court properly dismissed Gregerson's action because it is undisputed that Gregerson's appeal of the BLM's adverse decision without prejudice was pending before the Department of the Interior when he filed this action. *Cf. Doria Mining and Eng'g Corp.,* 608 F.2d at 1257; *see also Wind River Mining Corp. v. United States,* 946 F.2d 710, 712 n.1 (9th Cir. 1991) (noting that an adverse decision by the BLM is subject to review by the Interior Board of Land Appeals).

Gregerson's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument, and denies Gregerson's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.