Tevis R. IGNACIO, Plaintiff—Appellant,

v.

James W. STEWART; et al., Defendants—Appellees.

No. 02–15945.

D.C. No. CV–99–04829–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 21, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

---

* Because the panel unanimously finds this case suitable for decision without oral argument, Ignacio's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

680

## MEMORANDUM **

Tevis R. Ignacio appeals pro se the district court's judgment dismissing, for lack of subject matter jurisdiction, his 42 U.S.C. § 1983 action alleging that the defendants violated Ignacio's constitutional rights by entering an order against him in state court under California's vexatious litigant statute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for lack of subject matter jurisdiction, *Brady v. United States,* 211 F.3d 499, 502 (9th Cir.), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000), and we affirm.

The district court properly dismissed Ignacio's action under the *Rooker–Feldman* doctrine because Ignacio's complaint challenged a final determination of a state court, *see Olson Farms, Inc. v. Barbosa,* 134 F.3d 933, 937 (9th Cir.1998), and also raised federal constitutional claims that are "inextricably intertwined" with that previous judgment, *see Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001).

Ignacio's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).