**Manuel R. CENDEJAS, Jr.,
Plaintiff—Appellant,**

v.

**Hansford T. JOHNSON, Acting
Secretary of the Navy,\*
Defendant—Appellee.**

No. 02–16875.

D.C. No. CV–00–02188–SBA.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.\*\*

Decided July 24, 2003.

Before BROWNING, LEAVY, and
HAWKINS, Circuit Judges.

MEMORANDUM\*\*\*

Manuel R. Cendejas, Jr. appeals pro se the district court's summary judgment for the Navy in his Title VII employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.1996), and we affirm.

The district court properly granted summary judgment on Cendejas's disparate treatment and retaliation claims because, among other things, the disciplinary action against him was rescinded through the union grievance procedure, *see Brooks v. City of San Mateo*, 229 F.3d 917, 929–30 (9th Cir.2000) (non-final employment actions do not constitute "adverse employment actions"), and because Cendejas failed to rebut the evidence that the negative performance evaluations were based upon his poor work performance, *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 & n. 10 (9th Cir.2002) (summary judgment on retaliation claim proper where plaintiff failed to adduce any evidence of retaliatory motive); *Bradley*, 104 F.3d at 270 (summary judgment on disparate treatment claim proper where plaintiff "produced no meaningful evidence indicating either that [defendant's] proffered explanation was false" or that supervisor discriminated against her on the basis of gender or race).

The district court did not abuse its discretion in dismissing Cendejas's hostile work environment claim for failure to comply with the court's order to amend the complaint. The district court issued an order explaining the defects of the claim, granting leave to file a second amended complaint, and warning Cendejas that failure to file a second amended complaint would result in dismissal of the claim. Nevertheless, Cendejas failed to file a second amended complaint. *See* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–62 (9th Cir.1992).

The district court properly concluded that it lacked jurisdiction over Cendejas's intentional infliction of emotional distress claim because Cendejas did not demon-

---

\* Hansford T. Johnson is substituted for his predecessor as the Acting Secretary of the Navy. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument, and accordingly denies Cendejas's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

strate that he had filed an administrative tort claim as required by the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000) ("The requirement of an administrative claim is jurisdictional.").

Contrary to Cendejas's contention, the district court properly considered only those incidents of alleged discrimination that Cendejas did not voluntarily withdraw at the administrative level. *See Vinieratos v. United States,* 939 F.2d 762, 770–72 (9th Cir.1991). Similarly, the district court did not abuse its discretion in granting the motion to strike Cendejas's untimely reply declaration from the record. *See* N.D. Cal. Civ. Loc. R. 7–3(d) ("once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[ ]"); *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir.2002).

Cendejas's contention that Administrative Judge Costentino was biased is not supported by the record.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument and denies appellant's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.