A.R. SALMAN; et al., Plaintiffs–Appellants,

v.

Joanne BOND; et al., Defendants–Appellees.

No. 03–16231.

D.C. No. CV–02–00467–DWH/RAM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

A.R. Salman, pro se, Sam Dehne, pro se, Guy P. Felton, III, pro se, Emil P. Tolotti, pro se, Reno, NV, Patrick Devore, pro se, Carson City, NV, for Plaintiffs–Appellants.

David Watts–Vial, Washoe County DA, Reno, NV, for Defendants–Appellees.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

### MEMORANDUM**

 A.R. Salman, Patrick Devore, Sam Dehne, Guy P. Felton, III, and Emil P. Tolotti ("Appellants") appeal pro se the district court's judgment dismissing their action for lack of subject matter jurisdiction and failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brady v. United States,*

** This disposition is not appropriate for publication and may not be cited to or by the

211 F.3d 499, 502 (9th Cir.2000), and we affirm.

The district court properly dismissed for lack of subject matter jurisdiction Appellants' claim that Washoe County and several other defendants ("County Appellees") violated their rights by creating and maintaining an illegal "slush fund" of money, because Salman failed to allege that the County Appellees' conduct violated state law. Moreover, Appellants' objection to the Nevada statutes allegedly relied upon by the County Appellees does not involve a federal question or arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1343; *Duke Power Co. v. Carolina Envtl. Study Group,* 438 U.S. 59, 70, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978) (in evaluating whether jurisdiction exists under § 1331 the court must consider whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction).

The district court properly dismissed Salman's Racketeer Influenced and Corrupt Organizations Act and Hobbs Act claims because Appellants failed to allege that any of the County Appellees engaged in a pattern of racketeering activities, *see Sedima v. Imrex,* 473 U.S. 479, 480, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), or that any of the County Appellees conspired to extort property that affects interstate commerce, *see* 18 U.S.C. § 1951.

We decline to consider Appellants' remaining contentions.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.