OPINION
POLLAK, District Judge.
Appellant Jeff Hause appeals the dismissal of his suit for lack of subject matter jurisdiction. The District Court for the District of New Jersey found that Hause failed to exhaust his administrative remedies as required by the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2675(a).
I.
Hause alleges that, on March 3, 2006, while walking outside of the United States Postal Service (USPS) in Kearny, New Jersey, he slipped and fell due to icy and snowy conditions. On February 26, 2007, the USPS received a Form-95 notice of tort claim that incorrectly listed the incident as occurring in “Cranbury Township, New Jersey.” The USPS denied the claim in a letter dated October 1, 2007, after the USPS’s investigation turned up no evidence that there had been an accident at the Cranbury USPS facility or that there was any negligence on the part of the Postal Service. On December 6, 2007, Hause filed a complaint (“Complaint # 1”) in the District Court alleging that he slipped and fell at the Kearny USPS facility. Complaint # 1 alleged that Hause had presented notice of an administrative claim under the FTCA by submission of a Form-95. The government filed an answer that assumed the accident occurred in Cranbury Township and that the complaint contained a typographical error. Two days following the filing of the answer, appellant’s counsel and government counsel had a conversation, during which they both first became aware that the Form-95 identified the wrong location. The District Court dismissed Complaint # 1 for failure to exhaust since the administrative claim stated the wrong location. Hause then filed a second complaint (“Complaint # 2”) which alleged that service of Complaint # 1 was sufficient administrative notice. The District Court *159 dismissed Complaint # 2 for failure to exhaust administrative remedies.
II.
The standard of review for a dismissal for lack of subject matter jurisdiction is plenary. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000). The FTCA requires that, before filing a complaint, a claimant “shall have first presented the claim to the appropriate Federal agency.” 28 U.S.C. § 2675(a). The requirement that a sum-certain claim be first presented to the agency involved is a prerequisite to the federal courts’ subject matter jurisdiction. White-Squire v. USPS, 592 F.3d 453, 456-57 (3d Cir.2010). In addition, as the FTCA is a waiver of sovereign immunity by the United States, its requirements are to be strictly construed. Roma v. United States, 344 F.3d 352, 362 (3d Cir.2003). The FTCA does not require that the claimant’s notice present every theory of liability, but the claimant’s submission must, at least, “give[ ] the agency written notice of his or her claim sufficient to enable the agency to investigate.” Id. However, “[a] plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts” Id.
Complaint # 1 fails to constitute adequate notice for two reasons. First, complaint # zl in its allegations states that the Form-95, and not the complaint, was the administrative notice of the claim. The USPS could not be fairly apprised it was receiving notice in a document that by its own terms was not the notice of the claim. Second, the purpose of the notice requirement is to encourage investigation and settlement of claims before legal proceedings are initiated, thereby reducing the burden on the courts and the government. See Brady v. United States, 211 F.3d 499, 503 (9th Cir.2000) (“Thus, although her first complaint may have given the agency ‘notice’ in one sense of the word, it did not give the agency the timely notice of a live controversy that would have allowed the agency to investigate administratively and possibly settle the case before it resurfaced in district court.”). The document that, in the case at bar, initiated proceedings in the District Court cannot fulfill the requirement of the FTCA that a claimant “shall have first presented” (emphasis added) the claim to the agency before filing suit.
III.
For the reasons stated, we will affirm the District Court’s order of dismissal.