FILED

JUL 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN D. MCMILLAN, | No. 08-55356 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-01857-GPS-FFM |
| v. | |
| DENNIS CARPENTER, Commander; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    Edwin D. McMillan, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants retaliated against him for filing grievances and denied him access to the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam). We affirm in part, vacate in part, and remand.

The district court properly dismissed McMillan's due process claim against the county defendants for allegedly losing his property because he had an adequate post-deprivation remedy under California law. *See Barnett*, 31 F.3d at 816 ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). The district court properly dismissed McMillan's access to courts claim against the county defendants because McMillan did not allege facts sufficient to show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (access to courts claim requires showing of actual injury); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

The district court properly granted summary judgment to the state defendants on McMillan's access to courts claim because he failed to raise a triable issue as to whether he suffered an actual injury as a result of defendants' alleged conduct. *See Lewis*, 518 U.S. at 351.

The district court did not abuse its discretion by granting the county defendants relief from an entry of default after finding good cause. *See Brady v.*

2

*United States*, 211 F.3d 499, 504 (9th Cir. 2000) (a district court's discretion is especially broad when setting aside entry of default, rather than default judgment).

The district court did not abuse its discretion by denying McMillan's motions to appoint counsel because the case did not present exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The district court did not abuse its discretion by denying McMillan's untimely motion to amend his complaint. *See Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996) ("Leave to amend is entrusted to the sound discretion of the trial court and will be reversed only when such discretion has been abused.").

The district court did not abuse its discretion by denying McMillan's motion to deem facts admitted where the defendants had already filed supplemental answers. *See* Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").

The district court granted summary judgment to the state defendants on McMillan's retaliation claim because it concluded that McMillan had not raised a triable issue that any defendant had taken an adverse action against him or that he was injured. We affirm summary judgment as to state defendants Speer and

3

Hartly, whose only contact with McMillan was through the prison grievance procedure. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

We vacate summary judgment as to state defendants Dukellis, Logandice, and Jischke. According to McMillan's sworn declaration, he filed a grievance against Logandice and Jischke, and was shortly thereafter threatened by Logandice and scheduled to be transferred. While waiting to board the bus, McMillan was scratched from the transfer list. He states that the defendants were glaring at him, and that Dukellis and Logandice told him there were "too many bodies." Dukellis's declaration implies that he had some control over scratching inmates. McMillan also declared that even though he was scratched, his property, including his legal materials, was transferred. This happened repeatedly, resulting in the lack of access to his legal materials for more than a year while his habeas case was pending. The defendants were responsible for transferring inmate property. These facts, read in the light most favorable to McMillan, raise a triable issue as to whether defendants took adverse actions against McMillan and caused him injury. *See Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003) ("[A] chilling effect on a prisoner's First Amendment right to file prison grievances is sufficient to raise a

4

retaliation claim."); *see also Rhodes v. Robinson,* 408 F.3d 559, 567 n.11 (9th Cir. 2005) ("[H]arm that is more than minimal will almost always have a chilling effect."). Accordingly, we vacate summary judgment as to defendants Dukellis, Logandice, and Jischke, and remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**