**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GHOLAMREZA MALEKPOUR, | No. 12-35999 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02143-MJP |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; NAPCA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Gholamreza Malekpour appeals pro se from the district court's judgment in

his action alleging federal and state law claims in connection with his participation

in the Senior Environmental Employment program.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (summary judgment); *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001) (a district court's decision regarding a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or 12(b)(6)). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction over Malekpour's claim under the Federal Tort Claims Act ("FTCA") because Malekpour failed to exhaust his administrative remedies before filing this action. *See* 28 U.S.C. § 2675(a) (requiring that a federal agency first deny an administrative claim in writing or fail to make a final disposition of the claim within six months after it is filed); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (the filing of an administrative claim before filing an action under the FTCA is jurisdictional).

The district court properly dismissed Malekpour's Title VII claim because Malekpour did not allege facts sufficient to show that defendants took action against him on account of race or national origin or his involvement in protected activities. *See Vasquez*, 349 F.3d at 640 n.5, 646 (setting forth elements of discrimination and retaliation under Title VII).

The district court properly granted summary judgment to defendant NAPCA on Malekpour's state law negligence claim because Malekpour failed to raise a

genuine dispute of material fact as to whether NAPCA, a non-profit organization that neither employed Malekpour nor controlled his work, owed a duty of care to him. *See Kamla v. Space Needle Corp.*, 52 P.3d 472, 475-76 (Wash. 2002) (en banc) (stating that negligence requires that the defendant owe a duty of care to the plaintiff, and endorsing common law duty of care arising from a defendant's retention of some degree of control over the manner in which work is performed).

The district court did not abuse its discretion by denying Malekpour's motion to appoint counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and discussing the "exceptional circumstances" requirement for appointment of counsel).

We reject Malekpour's contentions concerning judicial bias, defendants' alleged joint and several liability, and defendants' alleged retaliation against Malekpour on the basis of his whistleblowing.

**AFFIRMED.**