**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IDA FOSTER, | No. 13-16567 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-04304-LB |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS; OFFICE OF PERSONNEL MANAGEMENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted May 13, 2015[***]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Ida Foster appeals pro se from the district court's judgment dismissing for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

lack of subject matter jurisdiction her Federal Tort Claims Act ("FTCA") action concerning the elimination of her life insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), and we affirm.

The district court properly dismissed Foster's negligence claim for lack of subject matter jurisdiction because Foster failed to exhaust her administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a); *Brady*, 211 F.3d at 502 ("The requirement of an administrative claim is jurisdictional."); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (a party opposing a motion to dismiss for lack of subject matter jurisdiction "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction").

We do not consider Foster's contentions regarding the Employee Retirement Portability and Accountability Act because they were not properly raised before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We also do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per

13-16567

curiam).

**AFFIRMED.**