**Douglas L. PRESTIDGE,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 13–16848.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Douglas L. Prestidge, pro se.

Robert Lally Miskell, Assistant U.S., USTU–Office of the U.S. Attorney, ·Tucson, AZ, for Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Douglas L. Prestidge appeals pro se from the district court's summary judgment in his Federal Tort Claims Act ("FTCA") action alleging medical malpractice in connection with treatment provided by the Department of Veterans Affairs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Prestidge's medical malpractice claim because Prestidge failed to raise a genuine dispute of material fact as to whether defendant's treatment failed to meet the standard of care. *See Conrad v. United States,* 447 F.3d 760, 767 (9th Cir.2006) (in an FTCA action, the law of the state in which the alleged tort occurred applies); *Seisinger v. Siebel,* 220 Ariz. 85, 203 P.3d 483, 492–93 (2009) (elements of medical malpractice claim under Arizona law; except in situations where it is a matter of common knowledge, "the standard of care normally must be established by expert medical testimony," and failure to produce the required expert testimony mandates judgment for defendant).

The district court did not abuse its discretion in setting aside the entry of default based on its finding of good cause. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir.2010) (standard of review and requirements for setting aside entry of default); *Brady v. United States,* 211 F.3d 499, 502, 504 (9th Cir.2000) (standard of review; a district court's discretion is "especially broad" when setting aside entry of default).

· We reject Prestidge's contention that the district court erred by not granting his request for oral argument, as the district court was not required to do so under the local rules and, in any event, there is no showing of prejudice. *See Houston v. Bryan,* 725 F.2d 516, 518 (9th Cir.1984).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Prestidge's motion to schedule oral argument, filed on February 6, 2014, and

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

request for oral argument set forth in his opening brief, are denied.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.