**NOT FOR PUBLICATION**

FEB 17 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, as subrogee of All Power, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 14-15479 <br><br> D.C. No. 2:13-cv-01594-MCE-CKD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted February 12, 2016[**]
San Francisco, California

Before: SILVERMAN and TALLMAN, Circuit Judges and LASNIK,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

Security National Insurance Company appeals the district court's Rule 12(b)(1) dismissal of its action alleging claims against the United States under the Federal Tort Claims Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). We affirm.

The district court properly dismissed the lawsuit for lack of subject matter jurisdiction because neither the plaintiff insurance company, nor its insured (in whose shoes the insurance company stands) filed an administrative claim prior to filing suit. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Brady*, 211 F.3d at 502-03. Security National's arguments that it should be excused from § 2675(a)'s exhaustion requirement because other parties with overlapping interests have filed their own claims lack merit. Section 2675(a) is jurisdictional. *Brady*, 211 F.3d at 502. In the absence of jurisdiction, Security National's arguments based on the Federal Rules of Civil Procedure are beside the point. Fed. R. Civ. P. 82; *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005). Procedural rules cannot create jurisdiction. *See Canatella*, 404 F.3d at 1113.

**AFFIRMED.**