NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY DARNELL WAFER,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>W. SUESBERRY, MD,<br><br>　　　　　Defendant-Appellee. | No.　15-16889<br><br>D.C. No. 1:07-cv-00865-AWI-BAM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 14, 2016[**]

Before:　WALLACE, LEAVY, and FISHER, Circuit Judges.

Anthony Darnell Wafer, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal under Fed. R. Civ. P. 12(c). *Fleming v.*

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

The district court properly dismissed Wafer's action because Wafer failed to file it within the applicable two year statute of limitations, *see* Cal. Code Civ. Proc. § 335.1, and Wafer had not established a basis for tolling under Cal. Code Civ. Proc. § 352.1. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (in § 1983 suits, federal courts use the forum state's statutes of limitations for personal injury actions). We reject as without merit Wafer's contention that his action was initiated within the statute of limitations because it was tolled while his doctor-patient relationship with Suesberry was ongoing.

The district court did not abuse its discretion in setting aside the entry of default against Suesberry because it properly concluded that Wafer would not be prejudiced, Suesberry had a meritorious defense, and Suesberry's conduct was merely the result of inadvertence or otherwise excusable neglect. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (standard of review); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("A decision on a motion to set aside a default is not an abuse of discretion unless the [district] court is 'clearly wrong' in its determination . . . .").

The district court did not abuse its discretion in denying Wafer's motion for default judgment on the ground that Wafer failed to present evidence in support of

his request for damages. *See DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 8552 (9th Cir. 2007) (standard of review); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the [district] court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.").

The district court did not abuse its discretion in denying Wafer's motion for appointment of counsel because Wafer did not establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" test).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (order).

**AFFIRMED.**