NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN ANTHONY MacGREGOR,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>MARTIN, M.D.,<br><br>             Defendant-Appellee. | No. 16-16625<br><br>D.C. No. 5:13-cv-02309-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Kevin Anthony MacGregor, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review for an abuse of discretion an order setting aside entry of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

default.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  We affirm.

The district court did not abuse its discretion by finding good cause for setting aside entry of default against defendant Dr. Martin.  *See id.* at 1091 (requirements for setting aside entry of default); *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (district court's discretion is "especially broad" when setting aside entry of default).

The district court did not abuse its discretion by denying MacGregor's motion for reconsideration of the court's order setting aside entry of default because MacGregor failed to establish any grounds for relief.  *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[A] trial court has discretion to reconsider its prior, non-final decisions.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the propriety of the district court's dismissal of MacGregor's action, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

MacGregor's requests for judicial notice and "emergency motion" (Docket

Entry Nos. 17, 18 and 19) are denied as unnecessary.

**AFFIRMED.**

16-16625