NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEKAYI RUDO WHITE, | No.    19-15221 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01829-CKD |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[**]

Submitted May 6, 2020[***]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Sekayi Rudo White appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action under the Federal Tort

Claims Act ("FTCA") arising from the alleged depletion of funds from two of

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

White's Washington Mutual accounts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction White's action because White failed to file an administrative tort claim with the United States prior to initiating his civil action. *See id.* (explaining that the FTCA's administrative claim requirement is jurisdictional and "must be strictly adhered to"). White has alleged no other cognizable legal claims against the United States related to the depletion of his funds.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (concluding pro se appellant abandoned issues not argued in his opening brief).

White's motion for judicial notice (Docket Entry No. 10) is denied.

**AFFIRMED.**