**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL T. MORALES, | No. 19-15870 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03051-TLN-AC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Michael T. Morales appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action under the Federal Tort

Claims Act ("FTCA") alleging he became disabled after receiving negligent

medical care from Northern Valley Indian Health ("NVIH")—a tribal clinic for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

which the federal government has contractually assumed tort liability under the FTCA for personal injury resulting from NVIH employees' medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). We affirm.

The district court properly dismissed Morales's action for lack of subject matter jurisdiction because Morales failed to file an administrative tort claim with the United States prior to initiating his civil action. *See id.* at 502–04 (explaining that the FTCA's administrative claim requirement is jurisdictional and "must be strictly adhered to"; affirming district court's dismissal of FTCA claim).

**AFFIRMED.**

19-15870