**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS G. LANDRETH, | No.    20-35683 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05333-RBL |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Plaintiff Thomas Landreth appeals the district court's dismissal of his action

against Quinault Indian Nation (QIN) and the United States regarding ownership of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lake Quinault on jurisdictional and sovereign immunity grounds.[1] We review

such a dismissal de novo, *Clinton v. Babbitt*, 180 F.3d 1081, 1086 (9th Cir. 1999),

and we affirm. Because the parties are familiar with the history of this case, we

need not recount it here.

I

The district court properly dismissed Landreth's claims against the United

States because they did not fall under any congressional waiver of the United

States' sovereign immunity. *See Roberts v. United States*, 498 F.2d 520, 525 (9th

Cir. 1974), cert. denied, 419 U.S. 1070 (1974).

Landreth's quiet title claim falls outside the scope of the Quiet Title Act's

(QTA) immunity waiver because it concerns Indian trust land. *See Alaska Dep't of

Nat. Res. v. United States*, 816 F.3d 580, 585 (9th Cir. 2016) ("The Indian lands

exception applies if the federal government has a 'colorable claim' that the lands in

question are trust or restricted Indian lands."); *Quinaielt Tribe of Indians v. United

States*, 102 Ct. Cl. 822, 832–35 (1945) (finding that Lake Quinault is within QIN's

reservation). The district court also correctly reasoned that QTA's twelve-year

statute of limitations had elapsed before Landreth filed suit, because QIN's

---

[1] Landreth's motion to file a replacement reply brief and his motion to attach additional documents to that brief are granted. Landreth's remaining pending motions are denied as unnecessary.

2

repeated closure of the lake in the 20th century should have put Landreth's predecessor on notice of the United States' claim to the lake.[2] 28 U.S.C. § 2409a(g).

The district court correctly determined that it lacked jurisdiction over Landreth's tort claims against the United States because Landreth did not administratively exhaust the claims, as required under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2675; *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

Likewise, the United States Court of Federal Claims has exclusive jurisdiction over Landreth's non-tort claims for money damages because he requested an award of over $10,000.[3] *See* 28 U.S.C. § 1491; 28 U.S.C. § 1346(a)(2); *Munns v. Kerry*, 782 F.3d 402, 413–14 (9th Cir. 2015).

Landreth has not articulated any other cognizable claims against the United States with sufficient clarity to provide notice to the defendant of their nature or

---

[2] We decline to consider Landreth's argument, raised for the first time on appeal, that this case is a dispute over federal reserved water rights covered by the immunity waiver contained in the McCarren Amendment. *See El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000).

[3] We decline to consider Landreth's argument, raised for the first time on appeal, that the depredations clause of the Treaty of Olympia allows the district court to exceed the $10,000 cap. *See El Paso City*, 217 F.3d at 1165.

permit adjudication.[4] The district court therefore properly dismissed Landreth's action against the United States.

## II

The district court correctly dismissed Landreth's claims against QIN on sovereign immunity grounds. Federally recognized tribes such as QIN are immune from suit absent an explicit waiver or congressional abrogation, neither of which is present in this case.[5] *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

**AFFIRMED.**

---

[4] We decline to consider Landreth's argument invoking the judicial review provisions of the Administrative Procedure Act (APA) for the first time on appeal. *See El Paso City*, 217 F.3d at 1165.

[5] We decline to consider Landreth's argument, raised for the first time on appeal, that QIN's waiver of immunity as part of a statutorily required insurance contract applies to his claims.