NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS OLIVER, | No. 22-55229 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01807-LL-DEB |
| v. | |
| KRISTIN T. MIHELIC; TIFFANY L. CARROLL; LOUISE DECARL ADLER; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Thomas Oliver appeals pro se from the district court's judgment dismissing

his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau*

*of Narcotics*, 403 U.S. 388, 91 (1971), and the Federal Tort Claims Act ("FTCA"),

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging claims arising out of his bankruptcy proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (dismissal for lack of subject matter jurisdiction); *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (dismissal based upon judicial immunity). We may affirm on any ground supported by the record. *United States v. Charette*, 893 F.3d 1169, 1175 n.4 (9th Cir. 2018). We affirm.

The district court properly dismissed Oliver's FTCA claims because Oliver failed to exhaust his administrative remedies prior to bringing suit. *See* 28 U.S.C. § 2675(a) (setting forth FTCA's administrative exhaustion requirement); *Brady*, 211 F.3d at 502-03 (federal courts lack jurisdiction to adjudicate an FTCA claim unless the claimant has first exhausted administrative remedies).

The district court properly dismissed Oliver's *Bivens* claim against defendant Adler because Adler is immune from suit. *See Stump v. Starkman*, 435 U.S. 349, 356-57 (1978) (explaining that judges are immune for their judicial acts, even if "alleged to have been done maliciously or corruptly," unless taken in the "clear absence of all jurisdiction").

Dismissal of Oliver's *Bivens* claim against defendants Mihelic and Carroll was proper because Oliver failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, 678 (2009) (to avoid dismissal of a *Bivens* claim, "a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution," and must set forth sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The district court properly denied Oliver's motion to remand because Oliver's complaint alleged claims against federal employees certified to be acting within the scope of their employment. *See Osborn v. Haley*, 549 U.S. 225, 231 (2007) (explaining that "certification is conclusive for purposes of removal, *i.e.*, once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court"); *see also* 28 U.S.C. § 1442(a)(1) (providing for removal of an action against federal officers); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (standard of review).

The district court properly substituted the United States as a party for defendants Adler, Mihelic, and Carroll because Oliver failed to allege facts sufficient to establish that these defendants' actions exceeded the scope of their employment. *See Saleh v. Bush*, 848 F.3d 880, 886, 889 (9th Cir. 2017) (explaining scope-of-employment inquiry and standard of review).

The district court did not abuse its discretion by dismissing Oliver's amended complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir.

2011) (setting forth standard of review and explaining that denial of leave to amend is proper if amendment would be futile).

The district court did not abuse its discretion by denying Oliver's motion for default judgment because defendants had appeared and filed motions to dismiss. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (a default judgment is inappropriate if defendant indicates its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and explaining that "default judgments are ordinarily disfavored" and courts should consider several factors in entering a default judgment).

We reject as unsupported by the record Oliver's contentions that the district court acted improperly or was biased against Oliver.

Appellees' motion to take judicial notice (Docket Entry No. 18) is granted.

All other pending motions and requests are denied.

**AFFIRMED.**