NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ROBERT NORRIE, | No. 23-55428 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-04130-JFW-PVC |
| v. | |
| COASTLINE VENTURES, LLC; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 16, 2024**

Before:    SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

William Robert Norrie appeals pro se from the district court's judgment

dismissing his action brought under Federal Rule of Civil Procedure 60

challenging bankruptcy proceedings.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review for an abuse of discretion.  *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003).  We affirm.

The district court did not abuse its discretion by dismissing Norrie's claims against Coastline Ventures, LLC because Norrie failed to allege facts sufficient to show that Coastline engaged in misconduct that harmed the integrity of the judicial process.  *See id.* (explaining the basis for an independent action to set aside a judgment for fraud on the court).

The district court did not abuse its discretion by dismissing Norrie's claims against the United States because those claims are barred by sovereign immunity.  *See Balser v. Dep't of Just., Off. of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (explaining that the "United States . . . is immune from suit unless it has waived its immunity").

The district court did not abuse its discretion by dismissing Norrie's complaint without leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by setting aside the entry of

default against the United States because this ruling was supported by good cause. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (standard of review); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("A decision on a motion to set aside a default is not an abuse of discretion unless the [district] court is 'clearly wrong' in its determination . . . .").

The district court did not abuse its discretion by denying Norrie's motion for default judgment in light of the lack of merit of the substantive claim, the insufficiency of the complaint, the amount of money at stake, and the possibility that defendants would dispute the material facts. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (providing the standard of review and setting forth factors that courts may consider in determining whether to enter default judgment).

The district court did not abuse its discretion by denying Norrie's motion for reconsideration because Norrie failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

All pending motions and requests are denied.

**AFFIRMED.**

23-55428